IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIL COOPER,** : | |
|     **Plaintiff** : | |
| : | No. 1:19-cv-02227 |
|     v. : | |
| : | (Judge Kane) |
| **MARK GARMAN, et al.,** : | |
|     **Defendants** : | |

**MEMORANDUM**

Currently before the Court is pro se Plaintiff Jamil Cooper ("Cooper")'s motion to continue the jury trial in this matter, which is scheduled for jury selection on Tuesday, November 19, 2024. For the reasons set forth below, the Court will deny the motion.

**I.     BACKGROUND**

Cooper's pro se complaint was first docketed on December 30, 2019, almost five (5) years ago. (Doc. No. 1.) Extensive discovery and motions practice ensued. The matter was declared trial ready in October 2022, at which time Cooper was represented by pro bono counsel. Following Cooper's termination of counsel's representation, the Court allowed the parties a lengthy extension to attempt settlement. Thereafter, Defendants' exhaustion claim was fully litigated, rendering the case trial ready in January 2024. This action is ready for its ultimate resolution, i.e., a jury trial to decide Cooper's claim under 42 U.S.C. § 1983 against the sole remaining Defendant, Corrections Officer Kauert ("Kauert"), who Cooper alleges violated his First Amendment rights during Cooper's 2018 incarceration at SCI Rockview.

On October 10, 2024, the Court convened a telephone status conference, reserving the week of November 18, 2024, for a jury trial in this matter. Cooper expressed concern that this setting would jeopardize his continued participation in a drug and alcohol program, which he needed to complete before becoming eligible for parole.

Based on Cooper's concerns, the Court tasked defense counsel with investigating whether Cooper's transportation for trial in this action would affect his ability to complete the treatment program. Defense counsel promptly conducted this investigation and filed a written status report in which they represented that Cooper would not be removed from the treatment program unless he was away from his place of incarceration for more than thirty (30) days. (Doc. No. 182 at 2.) In addition, defense counsel represented that Cooper's absence from the treatment program for any period would only cause him to have to make up for any programming he missed. (Id.)

Following defense counsel's report, the Court issued a Scheduling Order, which, inter alia, scheduled a telephonic final pretrial conference for November 5, 2024, and jury selection for Monday, November 18, 2024. (Doc. No. 183.) The Court later issued an Order moving the date of jury selection to Tuesday, November 19, 2024. (Doc. No. 187.)

After the Court rescheduled the start of the jury trial, Cooper filed a motion to continue the trial, along with supporting evidence citing his belief that his presence at trial would prejudice him in seeking parole. (Doc. Nos. 190, 191.)[1] More specifically, Cooper again expressed his concern that the Department of Corrections ("DOC"), which would have to transport him from his current place of incarceration, Pennsylvania State Correctional Institution Laurel Highlands ("SCI Laurel Highlands"), to Pennsylvania State Correctional Institution Camp Hill ("SCI Camp Hill"), would adversely affect his ability to participate in his pre-parole hearing scheduled to occur during the first two (2) weeks of this month, as well as his parole interview which should occur during the first two (2) weeks of December 2024. (Id.) Cooper expressed

---

[1] In Cooper's motion, he stated that he had not received defense counsel's status report following the October 10, 2024 telephone conference. (Doc. No. 190 at 2.) He later received a copy of the status report.

his particular concern that the DOC would not promptly return him to SCI Laurel Highlands after the conclusion of the trial in time for his parole interview in early December 2024. (Id.)

The Court heard argument on Cooper's motion during the telephonic final pretrial conference on November 5, 2024. Cooper maintained his request that the Court continue the trial because of the uncertainty as to when the DOC would transport him to SCI Camp Hill for the trial and when they would transport him back to SCI Laurel Highlands thereafter. Cooper represented that following a prior court appearance he had been retained at SCI Camp Hill for forty (40) days.

Kauert's counsel generally opposed Cooper's motion for a continuance. Counsel argued that the age of the case, their extensive preparation for trial, and Kauert's desire to finally have the case resolved all weighed against the Court delaying the trial. Counsel conceded that without further inquiry they could not speak to how related proceedings could be affected by the trial as scheduled. As such, the Court again tasked counsel with investigating Cooper's concerns. (Doc. No. 200.)

Defense counsel complied with the Court's directive by promptly filing a response to the motion to continue. (Doc. No. 201.) The response noted that defense counsel contacted representatives from the DOC about Cooper's transportation for trial and the Pennsylvania Board of Probation and Parole ("Parole Board") about the scheduling of Cooper's parole-related proceedings. (Id. at 2–3.) Based on these conversations, defense counsel indicated that: (1) Cooper's pre-parole hearing would take place the week before trial; (2) the DOC confirmed that it would transport Cooper to SCI Camp Hill for trial only a couple of days before trial; (3) Cooper's parole interview would occur two (2) to six (6) weeks after the trial concludes; and (4) the DOC confirmed that it would return Cooper to SCI Laurel Highlands within a week of the

conclusion of trial.  (Id.)  Essentially, defense counsel represented that the trial, as scheduled, would not prejudice Cooper's parole-related proceedings.  (Id. at 3.)  With Kauert having responded to Cooper's motion to continue, the motion is now ripe for resolution.

## II.  DISCUSSION

This Court may grant a continuance of a civil trial upon a showing of good cause.  See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); see also Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . .").  "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu[ally] by court rule or order) to show why a request should be granted or an action excused.'"  Joseph v. Hess Oil V.I. Corp., 651 F.3d 348, 351 (3d Cir. 2011) (first alteration in original) (quoting Black's Law Dictionary 251 (9th ed. 2009)).  The "good cause" inquiry in Federal Rule of Civil Procedure 16(b)(4) "focuses on the moving party's burden to show due diligence."  See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010).

Additionally, "matters of docket control . . . are committed to the sound discretion of the district court."  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Thus, a district court's control over its own docket will not be "interfere[d] with . . . 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.'"  See id. (quoting Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096, 1105 (5th Cir. 1972)).  This places a "heavy burden" on a litigant challenging "matters of [a district court's] docket control."  See id.

4

This Court is mindful that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1; see also McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998) (explaining that the "Federal Rules are meant to be applied in such a way as to promote justice"). In this case, based on Kauert's recitation of the representations by the DOC and the Parole Board, the transportation of Cooper from SCI Laurel Highlands to SCI Camp Hill for purposes of conducting this trial will not affect his participation in the treatment program or his parole-related proceedings. Therefore, Cooper has not, and cannot, show that the trial proceeding as scheduled will result in actual or substantial prejudice to him in his parole-related proceedings. This lack of prejudice, in conjunction with the age of this case, the parties' preparations for trial, and the overall goal of securing the just, speedy, and inexpensive resolution of this case, warrant this trial starting as scheduled on Tuesday, November 19, 2024. Accordingly, the Court will deny Cooper's motion to continue the trial.

### III. CONCLUSION

For the above reasons, the Court will deny Cooper's motion to continue the trial. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania